**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**MELVIN WICKS,**                                             **PETITIONER**

**V.**                                                    **NO. 3:03CR056-WAP**

**UNITED STATES OF AMERICA,**                        **RESPONDENT**

## MEMORANDUM OPINION

Presently before the court is Petitioner's, Melvin Wicks, Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255. The Government has responded and this matter is now ripe for resolution.

*A. Factual Background*

Melvin Wicks was charged in a five count indictment on April 23, 2003. The charges were the result of a controlled drug buy and the execution of a search warrant at Wicks' residence. On August 11, 2003, the court heard and denied Wicks' motion to suppress evidence obtained as a result of the search.[1] Wicks later pled guilty to Count Three of the indictment which charged him with possession with intent to distribute cocaine hydrochloride in violation of 21 U.S.C. § 841(a) and (b)(1)(C) and Count Four for possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). On September 5, 2003, Wicks entered into a conditional plea agreement. Wicks, however, reserved the right to appeal the court's ruling regarding suppression of evidence.

A presentence investigation report was completed and Wicks did not filed any objections.

---

[1] Wicks subsequently filed a motion for reconsideration of the court's ruling on the motion to suppress which the court also denied.

On January 23, 2004, Wicks was sentenced to 144 months imprisonment which consisted of 84 months as to Count Three and 60 months as to Count Four to be served consecutively. A timely appeal followed.

On appeal, Wicks challenged the validity of the search warrant arguing that it lacked sufficient particularity of items to be seized and was not supported by probable cause. He furthered argued that the defects in the warrant and affidavit were so apparent and egregious that the "good faith" exception would not apply. Wicks also asserted that the failure to serve the warrant contemporaneously with its execution rendered the search invalid. In an unpublished opinion, the Fifth Circuit Court of Appeals rejected Wicks' arguments and affirmed his conviction and sentence.[2] *See United States v. Wicks*, 2004 WL 2011475, 115 Fed. Appx. 648 (5th Cir. Sept. 10, 2004).

Wicks filed the instant petition to vacate his sentence on February 23, 2006. In his petition which sets forth three arguments contending that his sentence should be vacated because:

| | |
|---|---|
| Ground One | his trial attorney also prosecuted his direct appeal; |
| Ground Two | his attorney was ineffective for failing to conduct a proper investigation; and |
| Ground Three | oral testimony was used to obtain the search warrant. |

*B. Standard of Review*

After as defendant has ben convicted and exhausted or waived any right to appeal, "a court is entitled to presume that [he] stands fairly and finally convicted." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Accordingly, relief under 28 U.S.C. § 2255 is "reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct

---

[2] Wicks also filed a *pro se* petition for writ of certiorari with the United Sates Supreme Court which was denied on February 22, 2005.

appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). A criminal defendant seeking relief from his conviction or sentence in a motion to vacate pursuant to § 2255 must therefore establish one of the following: (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court lacked jurisdiction to impose the sentence; (3) the sentence imposed exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995).

When a defendant raises an issue for the first time during collateral review, he must ordinarily show both cause for his procedural default and actual prejudice resulting from the alleged error. *Gaudet*, 81 F.3d at 589. The "cause and actual prejudice" standard is "significantly more rigorous than even the plain error standard applied on direct appeal." *Id.* The procedural bar does not apply, however, to a claim which could not have been raised on direct appeal, such as those alleging ineffective assistance of counsel. *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992). Conversely, issues raised and disposed of in an appeal from an original judgment of conviction are not to be considered in collateral § 2255 motions. *United States v. Webster*, 392 F.3d 787, 791 (5th Cir. 2004).

### C. Discussion

Grounds One and Two each concern the effectiveness of Wicks' trial and appellate counsel. In order to demonstrative ineffective assistance of counsel, a defendant must satisfy the two part test of *Strickland v. Washington*, 466 U.S. 668, 687 (9184):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the

> defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

A petitioner must satisfy both prongs of the *Strickland* test to succeed. *Id.* at 687. To show that counsel's performance was deficient, the defendant "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable judgment." *Id.* at 690. The court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and it is the petitioner's burden to overcome that presumption. *Id.* at 689. As long as the defendant understood the length of time he might possibly receive in his sentence, he was fully aware of his plea consequences then his guilty plea was not unknowing or involuntarily, even if he received erroneous advice of counsel regarding the sentence likely to be imposed. *U.S. v. Sana Lucia*, 991 F.2d 179, 180 (5th Cir. 1993).

The second prong of *Strickland* is altered slightly when a petitioner challenges a guilty plea. In order to satisfy the second prong or "prejudice" requirement the analysis should focus on "whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words . . . the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58-59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

Ground One

Wicks tersely argues that his conviction and sentence are infirm because his trial counsel also represented him on appeal. To be just as forthright, it is not unconstitutional or unusual for an attorney to represent a client throughout the trial and on appeal. Furthermore, "conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *United States v.*

*Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). Accordingly, without further elaboration or explanatory argument, Ground One is denied.

Ground Two

Next, Wicks avers that his attorney provided ineffective assistance by failing to conduct a proper investigation. Wicks specifically refers to counsel's failure to question "anyone about the alleged meeting at the sheriff's office between the magistrate and Officer Byrd."

Certainly, an attorney who fails to familiarize himself with the law and facts of the case could not possible provide effective counsel. *See Friedman v. U.S.*, 588 F.2d 1010, 1016-17 (5th Cir. 1979). A petitioner who alleges a failure to investigate on the part of his attorney must state with specificity what the investigation would have revealed and how it would have changed the outcome. *Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005). The record in this case, however, simply does not reflect that defense counsel was unprepared or that Wicks was deprived of a basic and adequate defense. To the contrary, counsel's representation of Wicks was professional and reasonably competent under *Strickland*.

The quoted passage from the petition above represents his entire argument. Wicks does not venture so much as a guess as to what any such investigation would have revealed. Nor does Wicks allege that he was prejudice or that he would not have plead guilty if a more thorough investigation was conducted. Again, conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue warranting habeas relief. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000). Therefore, Ground Two is without merit and is denied.

Ground Three

Finally, in his longest argument, Wicks complains that oral testimony was used to obtain the

search warrant in contradiction of Mississippi law. Fatal to Ground Three, however, is the absence of a constitutional requirement that oral testimony given in support of a search warrant be reduced to writing. *See U.S. v. Hill*, 500 F.2d 315, 320-21 (5th Cir. 1974). Additionally and contrary to Wicks' assertion, Mississippi law does allow a judge to consider oral testimony to support the issuance of a search warrant. *Petti v. State*, 666 So. 2d 754, 758 (Miss. 1995).

Also noteworthy, the Fifth Circuit expressly approved the use of oral testimony in this case. *Wicks*, 115 Fed. Appx. at 649 n.7. Thus, it could be fairly held that this argument has been disposed of on direct appeal and may not now be considered collaterally. *Webster*, 392 F.3d at 791. In any event, all the legal authority clearly contradicts Ground Three.

*D. Conclusion*

As discussed in detail above, Petitioner's arguments, either singularly or collectively, are unworthy of habeas relief. Thus, his petition shall be denied in all respects.

A separate judgement shall issue in accordance with this opinion.

This the 4th day of February, 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE